1
2
3
4
5
6
7
8                    UNITED STATES  DISTRICT COURT

9                    Northern District of California

10                         San Francisco Division

11

12   JOSE ARCENIO CUELLAR,                    No. C 13-4639 LB

13                   Plaintiff,               **ORDER OF DISMISSAL**

14          v.                                [Re: ECF Nos. 1 and 6]

15   SALINAS CALIF. SUPERIOR COURT;
     et al.,
16
                     Defendants.
17
     _____/
18

19
        Jose Arcenio Cuellar, formerly an inmate in California and now residing in El Salvador, filed
20
     this *pro se* civil rights action under 42 U.S.C. § 1983.  The court reviewed his complaint under 28
21
     U.S.C. § 1915 and dismissed it with leave to amend.  Plaintiff did not file an amended complaint.
22
     He did, however, file a document entitled "Exhibits" in a companion action.  *See* ECF No. 7 in
23
     *Cuellar v. Salinas Calif. Superior Court*, No. C 13-5441 LB.  Out of an abundance of caution, the
24
     court has filed a copy of the document entitled "Exhibits" in this action and will construe it to be an
25
     amended complaint in this action because it had attached to it a copy of the order of dismissal with
26
     leave to amend for this action.
27
        The original complaint named seven judges as defendants and alleged that they "abuse[d]"
28
     plaintiff and did not tell the truth.  *See* ECF No. 1 at 2.  The court dismissed the complaint with

**UNITED STATES DISTRICT COURT**
**For the Northern District of California**

UNITED STATES DISTRICT COURT
For the Northern District of California

1   leave to amend.  The court explained the doctrine of absolute judicial immunity, and noted that

2   plaintiff's claims "appear to be barred by the doctrine of absolute judicial immunity but the court is

3   unable to understand enough of the allegations to determine with certainty that all the claims are

4   barred." ECF No. 5 at 3.  The court granted leave to amend so that plaintiff could "file an amended

5   complaint in which he describes specifically what each defendant did or failed to do that caused a

6   violation of plaintiff's constitutional rights.  In his amended complaint, plaintiff must be careful to

7   allege facts showing the basis for liability for each defendant for each of his legal claims." *Id.*  The

8   court also stated that plaintiff's request to have the defendant judges impeached sought relief the

9   court could not grant, and instructed plaintiff that his "amended complaint must request relief this

10  court is able to grant." *Id.* at 4.

11      Plaintiff's "Exhibits" document, which the court construes to be an amended complaint,

12  complains of judicial conduct.  The amended complaint alleges that defendant Judge Duffy presided

13  in a municipal court hearing on his criminal case where "everything was incorrect," defendant Judge

14  Maldonado presided over a superior court hearing where "they used the same offenses against

15  [plaintiff]," defendant Judge Phillips "used incorrect evidence" in superior court, defendant Judge

16  Praire presided over a hearing in which plaintiff's public defender told him to seek a bench trial

17  rather than a jury trial, defendant Judge Hinrish presided over a hearing in which the district attorney

18  used four rape charges against plaintiff in a "fatally bad" hearing, and defendant U.S. Magistrate

19  Judge Beck told him in 2001 in the U.S. District Court in Fresno "not to say a word about the

20  crimes."  ECF No. 6 at 2.

21      A state judge is absolutely immune from civil liability for damages for acts performed in his

22  judicial capacity.  *See Pierson v. Ray*, 386 U.S. 547, 553-55 (1967) (applying judicial immunity to

23  actions under 42 U.S.C. § 1983).  "[J]udicial immunity is an immunity from suit, not just from

24  ultimate assessment of damages." *Mireles v. Waco*, 502 U.S. 9, 11 (1991).  A federal judge's

25  absolute immunity is even broader than that available for state judges, as it extends to actions for

26  declaratory, injunctive and other equitable relief as well as damages.  *See Mullis v. U.S. Bankruptcy

27  Court*, 828 F.2d 1385, 1394 (9th Cir. 1987).  Whether an act by a judge is a judicial one relates to

28  (1) the nature and function of the act and not the act itself, i.e., whether it is a function normally

C 13-4639 LB
ORDER

2

1   performed by a judge, and to (2) the expectations of the parties, i.e., whether they dealt with the

2   judge in his judicial capacity.  *Stump v. Sparkman*, 435 U.S. 349, 362 (1978); *see also Duvall v.*

3   *County of Kitsap*, 260 F.3d 1124, 1133 (9th Cir. 2001) (other factors to consider in determining

4   whether a particular act is judicial include whether the events occurred in the judge's chambers,

5   whether the controversy centered around a case then pending before the judge, and whether the

6   events arose directly and immediately out of a confrontation with the judge in his or her official

7   capacity).  Each of the defendants has absolute judicial immunity for damages claims for his or her

8   alleged misdeeds because the alleged misdeeds were acts performed in his or her judicial capacity.

9   Although the state judges' judicial immunity only extends to suits for damages, plaintiff does not

10  demand any equitable or declaratory relief against them.  He does request that they be impeached,

11  but the court has already told him that the court does not have the power to impeach federal or state

12  judges.  *See generally* U.S. Const. art. I, § 2 ("The House of Representatives . . . shall have the sole

13  Power of Impeachment"); *id.* at § 4 ("The Senate shall have the sole Power to try all

14  Impeachments"); Cal. Const. art. II, §§ 13-19 (procedures for California voters to recall elective

15  officials).

16      This action is dismissed because the defendants have absolute judicial immunity from the claims

17  alleged against them.  Further leave to amend will not be granted because it would be futile: the

18  court already explained the deficiencies in the complaint, and the amended complaint failed to cure

19  those deficiencies.  The clerk shall close the file.

20      **IT IS SO ORDERED.**

21  Dated: March 4, 2014

22  _____
    LAUREL BEELER

23  United States Magistrate Judge

24

25

26

27

28

UNITED STATES DISTRICT COURT
For the Northern District of California